IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Troy Davenport, Barbara Davenport, | ) | Case No. 6:24-cv-04330-JDA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| State Farm Fire and Casualty Company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court following an Order to Show Cause why the Court should not remand the action to state court. [Doc. 7.] Having reviewed the parties' filings and the applicable case law, the Court concludes it does not have subject-matter jurisdiction over this action and, therefore, the case is remanded to the Greenville County Court of Common Pleas.

**BACKGROUND**

Plaintiffs filed this case in the Greenville County Court of Common Pleas on June 21, 2024. [Doc. 1-1.] The Complaint alleges that Defendant issued a homeowner's insurance policy to Plaintiffs, that Plaintiffs sustained a loss from wind and hail damage during the period of coverage, and that they timely notified Defendant of the damage by filing a claim, but that Defendant denied the claim. [*Id.* ¶¶ 5, 7, 8, 11.] Plaintiff alleges causes of action for breach of contract, restitution/unjust enrichment/quantum meruit, bad faith/breach of the covenant of good faith and fair dealing, negligence, and violation of South Carolina's Unfair and Deceptive Practices statute, *see* S.C. Ann. § 39-5-20. [Doc. 1-1 ¶¶ 12–38.] Plaintiff requests actual, special, incidental, consequential, treble, and

punitive damages in no specific amount, as well as court costs and attorneys' fees. [*Id.* ¶ 38; *id.* at 9.]

Defendant removed the case to this Court on August 7, 2024, on the basis of diversity jurisdiction. [Doc. 1.] In support of removal, Defendant represented that it is an Illinois corporation with its principal place of business located in the State of Illinois and that the Complaint alleges that Plaintiffs are citizens and residents of the State of South Carolina. [Docs. 1 ¶¶ 5–6; 1-1 ¶ 1.] Defendant also stated that "[t]he amount in controversy in this case exceeds the sum of $75,000.00, including actual, consequential, treble, punitive damages and attorneys' fees and costs." [Doc. 1 ¶ 7.]

On August 9, 2024, the Court issued an Order to Show Cause why the Court should not remand this action to the state court based on lack of subject-matter jurisdiction because the amount in controversy did not appear to exceed the jurisdictional threshold.[1] [Doc. 7.] In its response to the Order to Show Cause, Defendant points to Plaintiffs' request for "'actual damages in the amount of the policy'" as demonstrating that the jurisdictional amount is satisfied because the policy has a coverage limit of $184,000.00 for Plaintiffs' dwelling alone and Plaintiffs have requested treble damages, punitive damages, and attorneys' fees. [Doc. 14 at 3.] In their reply, Plaintiffs clarify that the total recovery sought does not exceed $74,999.00, and they stipulate that they will not seek to recover above that amount. [Docs. 15; 15-1.] In light of the parties' response and reply, the Court concludes that it lacks jurisdiction over this case.

---

[1] The Fourth Circuit Court of Appeals has explained that, in a removed case, a "district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

## APPLICABLE LAW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

In this case, Defendant alleges that removal was proper because the district court has diversity jurisdiction to hear Plaintiffs' claims under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Nevertheless, "the amount in controversy requirement cannot be based on speculation as to what may

occur." *Burns v. State Farm Mut. Auto. Ins. Co.*, No. 5:19-cv-31, 2019 WL 2603330, at *3 (N.D.W. Va. June 25, 2019). Indeed, a defendant must demonstrate that the amount in controversy is satisfied "when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin*, 574 U.S. at 89.

"Courts generally determine the amount in controversy by examining the complaint at the time of commencement of the state court action and at the time of removal." *Stanley v. Auto-Owners, Ins. Co.*, 423 F. Supp. 3d 225, 228 (D.S.C. 2019). "In most cases, the sum claimed by the plaintiff controls." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (internal quotation marks omitted). However, when the plaintiff does not specify any amount, courts in this district "have found that a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." *Carter v. Bridgestone Ams., Inc.*, No. 2:13-cv-00287-PMD, 2013 WL 3946233, at *1–2 (D.S.C. July 13, 2013) (internal quotation marks omitted); *see Stanley*, 423 F. Supp. 3d at 229 (collecting cases).

## **DISCUSSION**

Defendant argues that the policy at issue has a coverage limit of $184,000 for Plaintiffs' dwelling alone and that Plaintiffs' request for treble and punitive damages and attorneys' fees is sufficient to bring this case over the threshold jurisdictional amount.[2] [Doc. 14 at 3–4.] As noted, in their reply, Plaintiffs clarify that the total recovery sought

---

[2] Defendant also relies on "Plaintiffs' allegations of . . . mental distress and pain and suffering damages." [Doc. 14 at 3.] However, Plaintiffs do not request such damages in their Complaint. [*See* Doc. 1-1.]

4

does not exceed $74,999.00, and they stipulate that they will not seek recover above that amount. [Docs. 15; 15-1.]

Plaintiffs' Complaint does not specify the amount of damages sought. [*See* Doc. 1-1.] Accordingly, the Court must determine whether Plaintiffs' stipulation permissibly clarifies an ambiguous Complaint. *See SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022). Defendant argues that Plaintiffs' Complaint unambiguously exceeds the jurisdictional amount [Doc. 14 at 3–4] and is correct that "punitive damages must be included in the calculation of the amount in controversy," *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal quotation marks omitted). However, "courts in this district have established that the mere existence of a claim for punitive damages will not establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000." *SNB Props.*, 2022 WL 17976781, at *3 (internal quotation marks omitted) (collecting cases). Defendant is also correct that treble damages and attorneys' fees also may be included in calculating the amount in controversy. *Auto Money N. LLC v. Walters*, No. 7:23-02952, 2024 WL 2942826, at *7–8 (D.S.C. June 11, 2024). As with punitive damages, however, whether the potential for a fee award is sufficient to push the case to the threshold jurisdictional amount depends upon the facts of the case. *Id.* at *8 & n.12.

The Court concludes that in this case, as in *SNB Properties*, "the amount of damages [Plaintiffs] will seek in connection with [their] claim for [treble and] punitive damages are . . . too uncertain to conclude that [Plaintiffs'] complaint is unambiguous," and Plaintiffs' stipulation therefore clarifies that their damages do not exceed $75,000.

5

2022 WL 17976781, at *3 (holding that when the plaintiff requested actual and punitive damages in an unspecified amount and the evidence indicated that the amount of actual damages sought could be at least $23,500, the complaint was ambiguous regarding whether the jurisdictional amount was satisfied, and a post-removal stipulation by the plaintiff ensuring that the plaintiff would never recover more than $75,000 in actual and punitive damages clarified the complaint and deprived the court of jurisdiction); see *Murray v. Progressive N. Ins.*, No. 2:21-cv-03148-DCN, 2022 WL 42813, at *3 (D.S.C. Jan. 5, 2022) (concluding that the complaint was ambiguous when although it sought actual and punitive damages, it did not specify whether the amount sought exceeded $75,000 even assuming that one component of the actual damages sought was at least $49,000); see also *Gill v. Crowe*, No. 1:15-cv-1827-JMC, 2015 WL 4231798, at *2–3 (D.S.C. July 13, 2015) (holding that when the plaintiff sought actual and punitive damages in an unspecified amount, the plaintiff's post-removal stipulation clarified the complaint and deprived the district court of jurisdiction). Accordingly, the Court accepts Plaintiffs' stipulation as clarification that the amount in controversy does not exceed $75,000. The Court therefore does not possess subject-matter jurisdiction over the claims here and remands the case to state court.

## **CONCLUSION**

Wherefore, based upon the foregoing, this action is REMANDED to the Greenville County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

September 9, 2024
Columbia, South Carolina

6